ISAAC WEBB, Respondent, v. SOUTHERN MISSOURI & ARKANSAS RAILROAD COMPANY, Appellant.

**St. Louis Court of Appeals, February 4, 1902.**

**Railroads:** DAMAGES FOR KILLING STOCK: STATUTORY CONSTRUCTION. In the case at bar, the railroad was constructed by the Missouri Mining and Lumber Company for its especial benefit and was not operated for the accommodation of the public in general, but for the Missouri Mining and Lumber Company. It was, nevertheless, a railroad and the evidence was clear and uncontradicted that trains were operated over the road by the defendant Southern Missouri and Arkansas Railway Company, and although not operated regularly and constantly, it was operated by the running of trains over it whenever it was necessary and profitable for the defendant company so to do. It was, therefore, a railroad operated within the meaning of section 1105, Revised Statutes 1899.

Appeal from Carter Circuit Court.—*Hon. W. N. Evans,*
Judge.

Affirmed.

*Frank E. Burrough* for appellant.

(1) The fencing statute imposes the duty on the owning company to build the fence, and the suit is for violation of

that statute. It is a penal statute and unless defendant comes within its terms, it is not liable. (2) The contract between the two companies recognized this status and the liability for stock damage was protected as between the two companies and can give the public no rights. In the case of Molling v. Barnard, 65 Mo. App. 600, the operation of the road was under joint control of two companies, and both or either was held liable. That the licensor is liable for the act of the licensee railroad, is held in Price v. Barnard, 65 Mo. App. 649, and in McCoy v. Railroad, 36 Mo. App. 445.

*Daniel Huett* for respondent.

(1) The statement was filed before a justice of the peace and is sufficient in every particular. Fraysher v. Railroad, 60 Mo. App. 573; Freet v. Railroad, 63 Mo. App. 548. (2) The higher courts always presume that a verdict is supported by substantial evidence until the reverse has been shown by the party complaining. Costello v. Fesler, 80 Mo. App. 107; Epstein v. Hammerslaugh, 67 Mo. App. 221. (3) Since appellant has not seen fit nor attempted to furnish this court with a complete transcript of the evidence, it can not now contend that there was no evidence to sustain the verdict, as where the entire evidence is not presented in the abstract the appellate court can not say there was no evidence to sustain the verdict. McCarroll v. Kansas City, 64 Mo. App. 283; Gumby v. Rodgers, 42 Mo. App. 465; Goodson v. Railroad, 23 Mo. App. 76; Costello v. Fesler, 80 Mo. App. 107.

BLAND, P. J.—The suit is bottomed on section 1105, Revised Statutes 1899, and was commenced before a justice of the peace.

The material allegations of the petition are that in Johnson township, Carter county, Missouri, plaintiff's horse of the value of one hundred and fifty dollars was struck and killed

by the engine and cars of the defendant while the same were being run and operated by the defendant on a railroad running through said township; that the place at which plaintiff's said horse went upon the railroad was not within the limits of any incorporated town or city, nor within the switch limits of any station, nor at the crossing of any public or private road or street over said railroad; that the horse went upon said railroad at a point where it passed through, along, and adjoining unimproved lands on the side of which railroad the defendant had failed to erect and maintain any fence.

The case went to the circuit court by appeal where, on a trial *de novo*, the evidence tended to prove that the horse was killed on the Little Black Railroad running from Grandin to Grandin Junction, and that the road belonged to the Missouri Mining and Lumber Company, but was operated by the defendant under an agreement that the defendant was to receive lumber from the Missouri Mining and Lumber Company at Grandin instead of Grandin Junction, and to load and deliver merchandise at Grandin instead of Grandin Junction, and that the lumber company was to give the defendant the use of the track from Grandin Junction to Grandin. That the defendant accepted the track as it was and agreed, in the event of damage by wrecks and the killing of stock, to assume the liability and pay for it. In the event the lumber company wanted to run trains during the life of the agreement, it was to get orders from the defendant; that the defendant did no business over this piece of road except for the Missouri Mining and Lumber Company.

The evidence tends to show that plaintiff's horse, on the twenty-sixth day of December, 1900, went upon the track of the defendant at a point where there was no fence, and where by statute the road was required to be fenced, and was struck and killed by a train of cars or an engine run and operated by the defendant. The evidence further tended to show that the horse was about eight years old, was an extra good work horse,

and there is some evidence, though slight, that he was worth from one hundred and twenty-five to one hundred and fifty dollars.

At the close of the evidence the defendant moved the court to instruct the jury to find for the defendant.

I.   The contention is that the evidence does not show that defendant was the owner or the lessee of the road in question and that it was not running or operating the same within the meaning of the statute.   The statute provides that, "Every railroad corporation formed, or to be formed in this State, and every corporation to be formed under this article, or any railroad corporation running or operating any railroad in this State, shall erect and maintain lawful fences," etc.

The road seems to have been constructed by the Missouri Mining and Lumber Company for its especial benefit and was not operated for the accommodation of the public in general, but for the benefit of the Missouri Mining and Lumber Company.   It was, nevertheless, a railroad and the evidence is clear and uncontradicted that trains were operated over the road by the defendant company and although not operated regularly and constantly, it was operated by the running of trains over it whenever it was necessary and profitable for the defendant company to do so.   It was, therefore, a railroad operated within the meaning of the foregoing section.   Farley v. Railroad, 72 Mo. l. c. 341.

II.   The contention that there was no proof of the market value of the horse is not supported by the evidence. Plaintiff testified that he thought the reasonable value of the horse was one hundred and twenty-five dollars or one hundred and fifty dollars.   The following question was asked plaintiff:

"Q.   What was the fair, reasonable, market value of that horse, not what you hold it at, not what you are willing to take?   A.   All I can do is to state that such horses are held at $125."

Benjamin Hughes testified that the horse was a good work horse, gentle for family, would work anywhere, eight years old, and was not a scrub, but an extra good horse.

This was some evidence of the value of the horse and evidence from which a jury might fairly estimate his value.

III. The contention that there was no evidence that the horse was killed by the train of the defendant is not borne out by the evidence. While no eyewitness saw the horse killed, the evidence shows that he was found on the side of the road with every evidence that he had been struck by a train of cars or by an engine and there was evidence that he had been drug or rolled on the ties of the road for eighty or ninety feet.

The jury assessed the value of the horse at one hundred and ten dollars. We think that the evidence supports the verdict. The court, as authorized by the statute, doubles the assessment and renders judgment for two hundred and twenty dollars, which is by the court affirmed.